Alan S. Wolf, Bar No. 94665
Daniel K. Fujimoto, Bar No. 158575
THE WOLF FIRM, A Law Corporation
2955 Main Street, Second Floor
Irvine, CA 92614
Tel (949) 720-9200
Fax (949) 608-0128

Attorneys for Movant
U.S. Bank National Association, as trustee, on behalf of the holders of the Home Equity Asset Trust 2005-4 Home Equity Pass Through Certificates, Series 2005-4

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re:<br><br>ROBERT ANTHONY POWNING<br><br>        Debtor. | CASE: 10-28513-B-7<br><br>CHAPTER 7<br><br>REF.: ASW-1<br><br>MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND DECLARATION OF JO-ANN GOLDMAN IN SUPPORT THEREON<br><br>DATE: 05/18/10<br>TIME: 9:31am<br>CTRM: 32<br>U.S. Bankruptcy Court<br>501 I Street<br>Sacramento, CA 95814 |

    The Motion of U.S. Bank National Association, as trustee, on behalf of the holders of the Home Equity Asset Trust 2005-4 Home Equity Pass Through Certificates, Series 2005-4 respectfully shows as follows:

    1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Sections 157 and 1334.

    2. This Motion is brought pursuant to Local Rule 9014-1 (f)(1)(ii) written opposition, if any, to the granting of

Matter I.D. 6401-5922

1  the Motion shall be in writing and shall be served on the
2  moving party and filed with the Clerk by the responding
3  party at least fourteen (14) days preceding the noticed date
4  of the hearing.  Unless written opposition and supporting
5  evidence are timely filed with the Court, without good
6  cause, no party will be heard in opposition to the Motion at
7  oral argument. Failure of the responding party to timely
8  file written opposition may be deemed a waiver of any
9  opposition to the granting of the Motion.

10       Opposition to the Motion shall be served on counsel for
11 Movant as follows:

12 THE WOLF FIRM
   2955 Main Street, Second Floor
13 Irvine, CA  92614

14      3.   On April 2, 2010, a petition under Chapter 7 of the
15 Bankruptcy Code was filed by the Debtor.

16      4.   SHERI L. CARELLO is the Chapter 7 Trustee for this
17 case.

18      5.   Movant is, and at all times herein mentioned was a
19 corporation organized and existing under the laws of the
20 United States.

21      6.   Movant is the beneficiary under a Deed of Trust by
22 way of assignment which secures a Promissory Note ("Note")
23 in the principal sum of $273,600, with the Note all due and
24 payable on March 1, 2035.  The Note and Deed encumber real
25 property commonly known as:

26      6309 Wood Creek Drive, Citrus Heights, CA 95621
         ("Property")
27

and legally described as set forth in the Deed of Trust, which is attached to the Declaration of JO-ANN GOLDMAN.

7. The beneficial interest under the Deed of Trust is currently held by Movant by way of assignment. See Declaration of JO-ANN GOLDMAN.

8. There was a default under the terms of the Note and Deed of Trust and on February 11, 2009, Movant caused to be recorded a Notice of Default and Election to Sell.

9. On March 25, 2010, Movant caused to be recorded a Notice of Sale.

10. The Property is Debtor's principal residence.

11. As of April 8, 2010, the Debtor has failed to tender 17 of the contractual payments which have fallen due under the Note and Deed of Trust.

12. The total amount due under Note and Deed of Trust as of April 8, 2010, exclusive of attorneys fees and costs, was approximately $331,064.38. See Statement of Indebtedness attached hereto as Exhibit "1".

13. The Property is also encumbered by additional liens and arrearages which, when added to Movant's lien and arrearages secured thereby, total approximately $399,464.38.

14. Movant requests the Court take Judicial Notice that the Debtor's Schedule "A" provides the fair market value of the Property to be approximately $219,202.00. A true and correct copy of Schedule "A" is attached hereto as Exhibit "2" and incorporated by reference.

15. Movant requests the Court take Judicial Notice that the Debtor's Schedule "D" reflects the Property is encumbered by one additional lien. A true and correct copy of the Debtor's Schedule "D" is attached hereto as <u>Exhibit "3"</u> and incorporated by reference.

16. Movant requests the Court take Judicial Notice that the Debtor's Statement of Intentions provides the Property is to be surrendered. A true and correct copy of the Statement of Intentions is attached hereto as <u>Exhibit "4"</u> and incorporated by reference.

17. Due to the liens, encumbrances and arrearages existing against the Property, and due to current market trends and costs of sale, the Debtor does not have any equity in the Property.

18. The Debtor has no reasonable prospect for reorganization and the Property is not necessary for an effective reorganization.

19. Movant does not have, and has not been offered, adequate protection for its interest in the Property and the passage of time will result in irreparable injury to Movant's interest in the Property including, but not limited to, loss of interest and opportunity.

20. For all the reasons set forth herein, there is cause for relief from stay including, but not limited to, lack of adequate protection and the Debtor's failure to make the required Deed of Trust payments.

Matter I.D. 6401-5922

1    WHEREFORE, Movant prays for the judgment against
2 Respondents as follows:
3    (1)  That the automatic stay be terminated or annulled
4 so that Movant may exercise or cause to be exercised any and
5 all rights under its Note and/or Deed of Trust and any and
6 all rights after the foreclosure sale, including, but not
7 limited to, the right to consummate foreclosure proceedings
8 on the property and the right to proceed in unlawful
9 detainer;
10    (2)  For reasonable attorneys' fees;
11    (3)  For the waiver of the 14 day stay pursuant to
12 Bankruptcy Rule 4001(a)(3).
13    (4)  For such other and further relief as the Court
14 deems just and proper.
15 Dated:  April 13, 2010

/s/ Alan Steven Wolf
ALAN STEVEN WOLF
Attorneys for Movant
U.S. Bank National Association, as
trustee, on behalf of the holders of
the Home Equity Asset Trust 2005-4
Home Equity Pass Through
Certificates, Series 2005-4

Matter I.D. 6401-5922

# EXHIBIT 1

MOVANT'S STATEMENT OF INDEBTEDNESS

Debtor:            POWNING
CASE NO.:          10-28513-B-7
PROPERTY ADDRESS:  6309 Wood Creek Drive
                   Citrus Heights, CA  95621

A.  APPROX. PRINCIPAL DUE AS OF April 8, 2010:
1st trust deed SELECT PORTFOLIO         = $      279,913.24
2nd trust deed GMAC MORTGAGE            = $       68,400.00

                                  TOTAL = $      348,313.24

B.  APPROX. DELINQUENCY ON ABOVE INDEBTEDNESS AS OF 04/08/10:
Movant's first trust deed payments and late charges:

17    payment(s) at   $    2,567.52   = $       43,647.84

                     Accrued Late Charges $          583.68
                             Escrow Advance $        6,184.44
                     Less Funds in Suspense $         -202.62
                             Miscellaneous $           937.80

                                    TOTAL $        51,151.14

C.  VALUE OF PROPERTY:                     $      219,202.00
D.  LESS TOTAL OF PRINCIPAL AND DELINQUENCY: $    399,464.38
E.  GROSS EQUITY (D-C)*:                   $     -180,262.38

Matter I.D. 6401-5922

# EXHIBIT 2

FORM B6A (Official Form 6A) (12/07)

In re *Robert Anthony Powning*                                   ,         Case No._____
                        Debtor(s)                                                      (if known)

# SCHEDULE A-REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| 6309 Wood Creek Drive, Citrus Heights, CA  95621 | Fee Simple | | $ 219,202.00 | $ 219,202.00 |

| No continuation sheets attached | TOTAL $ (Report also on Summary of Schedules.) | 219,202.00 |
|---|---|---|

# EXHIBIT 3

B6D (Official Form 6D) (12/07)

In re Robert Anthony Powning _____, Case No. _____
      Debtor(s)                                                        (if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address Including ZIP Code and Account Number (See Instructions Above.) | Co-Debtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien<br>H--Husband<br>W--Wife<br>J--Joint<br>C--Community | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|---|
| Account No: 0742 | | 2/2005 | | | | $ 68,400.00 | $ 68,400.00 |
| Creditor # : 1<br>Gmac Mortgage<br>Po Box 4622<br>Waterloo IA 50704 | | Second Mortgage<br>6309 Wood Creek Drive, Citrus Heights, CA  95621 | | | | | |
| | | Value: $ 219,202.00 | | | | | |
| Account No: 8504 | | 2006-09-29 | | | | $ 12,285.00 | $ 6,285.00 |
| Creditor # : 2<br>Safe Credit Union<br>4636 Watt Ave<br>North Highlands CA 95660 | | Truck Loan<br>Truck loan on 2000 Isuzu NPR | | | | | |
| | | Value: $ 6,000.00 | | | | | |
| Account No: 3277 | | 2005-02-25 | | | | $ 279,913.00 | $ 60,711.00 |
| Creditor # : 3<br>Select Portfolio Svcin<br>Po Box 65250<br>Salt Lake City UT 84165 | | Mortgage<br>6309 Woodcreek Drive, Citrus Heights, CA  95621 | | | | | |
| | | Value: $ 219,202.00 | | | | | |

No continuation sheets attached

Subtotal $ (Total of this page)    $ 360,598.00    $ 135,396.00

Total $ (Use only on last page)    $ 360,598.00    $ 135,396.00

(Report also on Summary of Schedules.)    (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data)

# EXHIBIT 4

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

In re *Robert Anthony Powning*  
Case No.  
Chapter 7

_____/ Debtor

## CHAPTER 7 STATEMENT OF INTENTION

**Part A -** Debts Secured by property of the estate. (Part A must be completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.)

---

**Property No. 1**

| **Creditor's Name :** | **Describe Property Securing Debt :** |
|---|---|
| *Safe Credit Union* | *2000 Isuzu NPR* |

Property will be (check one) :

☐ Surrendered     ☒ Retained

If retaining the property, I intend to (check at least one) :

☒ Redeem the property

☐ Reaffirm the debt

☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt     ☒ Not claimed as exempt

---

**Property No. 2**

| **Creditor's Name :** | **Describe Property Securing Debt :** |
|---|---|
| *Select Portfolio Svcin* | *6309 Wood Creek Drive, Citrus Heights, CA 95621* |

Property will be (check one) :

☒ Surrendered     ☐ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☐ Reaffirm the debt

☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt     ☒ Not claimed as exempt

| Property No. 3 | |
|---|---|
| **Creditor's Name :**<br>*Gmac Mortgage* | **Describe Property Securing Debt :**<br>*6309 Wood Creek Drive, Citrus Heights, CA 95621* |

Property will be (check one) :

☒ Surrendered     ☐ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☐ Reaffirm the debt

☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt     ☒ Not claimed as exempt

**Part B -** Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. | | |
|---|---|---|
| **Lessor's Name:**<br>*None* | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2):<br><br>☐ Yes     ☐ No |

## Signature of Debtor(s)

I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.

Date: *3/29/2010*          Debtor: */s/ Robert Anthony Powning*

Date: _____     Joint Debtor: _____